IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DANIEL SIEGEL, )<br> )<br> Plaintiff, )<br> )<br> v. )<br> )<br>GENERAL STAR MANAGEMENT )<br>CO., GENERAL REINSURANCE CORP., )<br>GENERAL STAR NATIONAL )<br>INSURANCE CO., and GENERAL STAR )<br>INDEMNITY CO., )<br> )<br> Defendants. ) | No. 07 C 913<br><br>HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Plaintiff Daniel Siegel ("Plaintiff" or "Siegel") has brought this action for breach of contract and related claims against Defendant General Star Management Co. ("General Star"), along with General Star Reinsurance Corp., General Star National Insurance Co., and General Star Indemnity Co. ("related General Star parties") (collectively "Defendants"), under 28 U.S.C. § 1332. Before this Court is Defendants' motion to dismiss (Docket No. 9). For the reasons stated below, the motion is DENIED in part and GRANTED in part.

### FACTS[1]

Siegel worked to transition an underwiting group headed by Faith Logsdon ("Logsdon Group") into General Star. Patricia Roberts ("Roberts"), president of General Star, understood and agreed that Siegel would be compensated for this work if his efforts proved successful.

---

[1]These facts are derived from the Plaintiff's complaint and, for the purposes of this motion, are assumed to be true.

Within the insurance industry, compensation for such consultant work typically amounted to "at least one percent of the gross written premiums ("GWP") underwritten by the transitioned underwriters for a period of thirty-six months following issuance of their first policy." Compl. ¶ 9. In or around January of 2002, the Logsdon Group joined General Star. Shortly afterward, Roberts confirmed that General Star would compensate Siegel at the minimum typical compensation level of one percent for three years.

Soon after, Roberts and Siegel renegotiated a compensation package whereby Siegel would receive a flat fee of "around $140,000" and ".625% of the Logsdon Group's GWP for the first year, and .3125% of the Logsdon Group's GWP for the second year." Id. ¶ 11. The percentage points on the Logsdon Group premiums were to be paid out of the commissions going from General Star to reinsurance broker Guy Carpenter ("Carpenter"). Carpenter agreed to transfer a portion of his Logsdon Group commissions to Siegel for a period of two years. Siegel received the promised $140,000, along with $125,000 of Carpenter's commissions for one year. However, General Star failed to renew their reinsurance arrangement with Carpenter and, as a result, Siegel received no compensation for the second year.

Siegel complained to Roberts that General Star still owed him an amount equal to .3125% of the Logsdon Group's GWP for the second year. Roberts proposed to resolve any remaining dispute over Siegel's compensation by giving him $135,000. Siegel accepted this proposal but was never paid any portion of the funds.

On February 16, 2007, Plaintiff filed this complaint, alleging: breach of an express contract promising one percent of commissions for two years (Count I); breach of an implied-in-fact contract on the same basis (Count II); quantum meruit based on General Stars acceptance of

over $100 million in GWP following Logsdon Group's transfer (Count III); breach of the accord obligating percentage payments by way of the Carpenter commissions (Count IV); and breach of the second accord promising Siegel $135,000 (Count V). Defendant now moves to dismiss all counts.

## STANDARD OF REVIEW FOR MOTION TO DISMISS

On a motion to dismiss, the Court accepts all well-pleaded allegations in the plaintiff's complaint as true. Fed. R. Civ. Plaintiff. 12(b)(6). The purpose of a 12(b)(6) motion is to decide the adequacy of the complaint, not to determine the merits of the case. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990) (citation omitted). A complaint should not be dismissed "unless it appears beyond all doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

A complaint that complies with the Federal Rules of Civil Procedure cannot be dismissed because it fails to allege facts. The Rules require simply that the complaint state a claim; they do not require the complaint to plead facts that would establish the validity of that claim. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002). "All that need be specified are the bare minimum facts necessary to put the defendant on notice of the claim so that he can file an answer." *Id.* (citing *Beanstalk Group, Inc. v. AM General Corp.*, 283 F.3d 856, 863 (7th Cir. 2002)). The Seventh Circuit has held that stating a claim in a complaint in federal court requires only "a short statement, in plain (that is, non-legalistic) English, of the legal claim." *Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Plaintiffs "don't have to file long complaints, don't have to plead facts, don't have to plead legal theories." *Id.*

"Complaints need not anticipate or attempt to defuse potential defenses." *United States Gypsum v. Indiana Gas Co., Inc.*, 350 F.3d 623, 626 (7th Cir. 2004) (citing *Gomez v. Toledo*, 446 U.S. 635 (1980)). "[D]ismissal under Rule 12(b)(6) on the basis of an affirmative defense is appropriate only where the plaintiff pleads himself out of court by 'admit[ting] all the ingredients of an impenetrable defense.'" *Id.* (citing *Xechem, Inc. v. Bristol-Myers Sguibb Co.*, 372 F.3d 899, 901 (7th Cir. 2004)). At the same time, "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). "Unless the complaint alleges facts that create an ironclad defense, a limitations argument must await factual development." *Foss v. Bearns, Stearns & Co., Inc.*, 394 F.3d 540, 542 (7th Cir. 2005).

## ANALYSIS

In its motion to dismiss, Defendant alleges that: there was no express contract involving the alleged one percent payments because there was no consideration; the alleged accords were invalid because Plaintiff has not properly alleged the necessary elements as a result of a lack of consideration; there are no allegations of an actual breach of the terms between Defendants and Plaintiff; the implied contract claims inappropriately reference the explicit agreement; and the related parties should be dismissed due to Plaintiff's failure to allege actionable conduct on their part.

    a.    <u>Express Contract</u>

Defendant maintains that Plaintiff has failed to properly allege all of the necessary elements of a claim for breach of contract, which require that he establish: (1) the formation of a

contract; (2) the terms of the contract; (3) performance by the plaintiff; (4) a breach by the defendant; and (5) damages. *See* Dismiss Mem. at 5 (citing *Skinner v. Shirley of Hollywood*, 723 F.Supp. 50, 52 (N.D. Ill. 1989). Defendant also maintains that consideration for the agreement was lacking, as the promise to pay one percent of the Logsdon Group's premium was only confirmed after the group made the transition.

Plaintiff has adequately alleged a breach of contract, including all the necessary elements of its claim in Count I. The Complaint includes allegations that: Defendant "understood and agreed that Mr. Siegel would be compensated for his work on behalf of General Star if the Logsdon Group joined General Star," Compl. ¶ 7; as compensation for transitioning the Logsdon Group, Defendant agreed to pay Plaintiff "one percent of the Logsdon Group's GWP for thirty-six months beginning with issuance of the group's first policy," id. ¶ 10; Plaintiff successfully convinced the Logsdon Group to join General Star in satisfaction of his obligations under the agreement, id. ¶ 8; Defendants satisfied neither the its obligations under the initial agreement, nor the subsequent accords, id. ¶¶ 11, 14, 15; and Plaintiff suffered damages as a result, id. at 8-9. Whether he is capable of supporting these allegations need not be considered at this stage of the proceedings.

As for the lack of consideration, this is an affirmative defense that is not appropriately considered here. While it is true that an affirmative defense can provide a grounds for dismissal, it must be essentially self-evident from the face of the Complaint in order to warrant dismissal. *See* U.S. Gypsum, 350 F.3d at 626. However, Plaintiff has already pointed out that it is at least possible for past consideration to provide an adequate basis for an enforceable agreement. *See Worner Agency, Inc. v. Doyle*, 479 N.E.2d 468, 473, 88 Ill. Dec. 855, 860 (Ill. App. Ct. 1985)

(listing exceptions to the general rule that past consideration does not suffice for establishing a valid contract) (citing *Carson v. Clark*, 2 Ill. 113, 114-15 (1833)). As this is the case, Plaintiff may yet develop a body of facts to support his claim that there was a valid contract. Defendant's affirmative defense that consideration was lacking is therefore neither so "impenetrable," *id.* at 523, or "ironclad," *Foss*, 394 F.3d at 542, as to warrant dismissal before a more complete record has been developed. It is sufficient for present purposes that Plaintiff has alleged all the elements for a breach of contract claim. Defendants' motion to dismiss is DENIED on this basis.

      b.      <u>Implied-in-law Contract and Quantum Meruit</u>

Defendant maintains that the implied-in-law and quantum meruit claims of Counts II and III must be dismissed because they include contradictory allegations. Plaintiff responds that he is permitted to make claims in the alternative, even if they are mutually exclusive. However, Plaintiff resorts to massaging the language of the Complaint, stating that "his implied-in-fact contract and quantum meruit counts incorporate only his general factual allegations, not the allegations of any other count." Resp. at 6. In fact, though Defendants fail to cite to the specific problematic language, Counts II and III incorporate allegations that are arguably incompatible with the substance of those counts. *See* Compl. ¶¶ 22, 28 (incorporating ¶ 10 and the language "Roberts...understood and agreed that Mr. Siegel would be compensated for his work").

At worst this is sloppy drafting. By stating that these Counts are brought in the alternative, it is sufficiently clear that Plaintiff intended to adopt only the factual allegations, and not the legal implications, of the preceding language of the Complaint. While Defendants correctly point out that a single count cannot contain contradictory allegations, the mere adoption of the facts cited in previous counts is not a sufficient basis on which to dismiss these

Counts. The case to which Defendants cite does not sufficiently undermine this conclusion. In *Nadler v. Merlin Int'l, Inc.*, the court was not troubled by overlapping facts so much as the plaintiff's failure to make clear that the claim was being argued in the alternative. 2007 WL 844895, at *3 (S.D. Ill. 2007) ("If Nadler intended to plead in the alternative he has not done so clearly."). The instant case does not suffer the same failing. *See* Compl. ¶¶ 23, 29. Defendants' motion to dismiss is DENIED on this basis.

    c.    <u>First and Second Accord</u>

Under Illinois law, accord requires: (1) a bona fide dispute as to the claims pending between the parties; (2) an unliquidated sum owed; (3) consideration; (4) a shared mutual intent to compromise the claim; and (5) execution of the agreement. *MKL Pre-Press Elecs./MKL Computer Media Supplies, Inc. v. La Crosse Litho Supply, L.L.C.*, 840 N.E.2d 687, 691 (Ill. App. Ct. 2005). Defendant maintains that, according to Plaintiff's own allegations, there could not have been a valid accord because: (1) there was no "bona fide dispute" as to the amount owed, and (2) no consideration was given for recalculating the payments. *See* Dismiss Mem. at 6-7.

As Plaintiff points out, the Complaint need not include allegations conforming to every element of the stated cause of action. *Hemenway v. Peabody Coal Co.*, 159 F.3d 255 (7th Cir. 1998). Plaintiff has adequately placed Defendant on notice that he is alleging that the parties twice arranged an accord for previous agreements, and that Defendant failed to meet its new obligations in both instances. Plaintiff is not required at this stage to establish that there was consideration for these subsequent agreements, but points out that the changes in payment terms may provide that which is required. Defendant suggests that Plaintiff has plead himself out of court by describing the agreed-upon terms of the initial contract in definite terms. *See* Dismiss

Mem. at 6-7. However, Plaintiff has not said that there was never a disagreement about payment, the only allegation that might have undermined the existence of a "bona fide dispute." In point of fact, the Complaint states that Roberts "reneged," from which it can reasonably be inferred that there was some disagreement concerning the payment terms. Compl. ¶ 11. Plaintiff has stated his claim for accord and breach with sufficient specificity to provide Defendant with notice of the claim. That is all that is necessary.

Defendant further attacks the accord on the basis that there was no allegation of breach. Defendant maintains that it met its obligations under the accord, insofar as they required General Star to: (1) pay Plaintiff a $140,000 flat fee and (2) arrange for Plaintiff to enter into an agreement with Guy Carpenter. However, that is not the agreement that Plaintiff alleged served as an accord for the original contract. Plaintiff states that the new agreement promised him "a $140,000 flat fee and a reduced percentage of the Logsdon Group's GWP." Compl. ¶ 12. It then describes the arrangement with Carpenter – outside of what he defines as the "First Executory Accord" – only as the "mechanism" by which payment under the accord was to be carried out. Defendant repeatedly attempts to redefine the nature of the accord in terms that move beyond the language of the Complaint. Accepting Plaintiff's allegations as true, however, he has sufficiently stated an arrangement and a breach of that arrangement. Defendants' motion to dismiss is DENIED on this basis.

    d.    <u>Additional Parties</u>

Finally, Defendant maintains that all counts against related General Star parties should be dismissed because Plaintiff has made no allegations regarding their actions. In response, Plaintiff largely relies on the fact that the named parties are all related business entities.

However, according to Plaintiff's own cited cases, this scattershot approach is appropriate where circumstances warrant: in *Palmer v. Bd. of Educ. of Cmty. Unit Sch. Dist. 201-U*, 46 F.3d 682, 688 (7th Cir. 1995), the court noted that when dealing with "a collective body such as a school district tak[ing] a complex series of actions over a span of years, it may be difficult to pin down individual responsibility without discovery"; in *Coexist, LLP v. Cafepress.com*, 2006 WL 120183, at *2 (S.D.Ind. 2006), the court found that it could make "a reasonable inference...that the complaint accuses multiple Defendants of similar acts"; in *Jordan v. Trans Union LLC*, 377 F.Supp.2d 1307, 1310 (N.D.Ga. 2005), the court noted that both sides of the dispute treated the multiple Defendants as a single entity. With the arguable exception of *Jordan* – which is persuasive rather than binding – these cases are inapposite. Taking the allegations as true, all of Plaintiff's negotiations involved Roberts, a representative of General Star. Though the related parties are no doubt connected to General Star, Plaintiff has alleged no direct involvement in what is, at its heart, a straightforward contractual dispute.

According to the *Palmer* court, in language quoted by Defendant, "[i]t is enough to specify the wrong done and leave details to later steps." 46 F.3d at 688. Plaintiff has provided no allegations of fact from which the related parties could discern the wrong that they did, and therefore they were not placed on notice of their potential liability in this case. Defendant's motion is dismiss is GRANTED with respect to Defendants General Star Reinsurance Corp., General Star National Insurance Co., and General Star Indemnity Co.

## CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is GRANTED in part and DENIED in part.

Enter:

/s/ David H. Coar
_____
David H. Coar
United States District Judge

Dated: **April 26, 2007**